**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

**HEATHER JUNE TIMMERMAN and CHRISTY LOU CSERNYIK,**

Plaintiffs,

v. Case No. CIV

______________

**FOREST RIVER, INC., an Indiana corporation,**

Defendant.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiffs Heather June Timmerman and Christy Lou Csernyik bring this civil action on behalf of themselves and a statewide Michigan class and, in the alternative and/or in addition, a Nationwide class of similarly situated purchasers of towable recreational vehicles ("towable RVs" aka Travel Trailers, Fifth Wheels, and Camping Trailers) designed, manufactured, and sold by Defendant Forest River, Inc. (Forest River).

2. This case arises from systemic electrical wiring defects in Forest River towable RVs Seven Way Wiring Harness (aka Bargman Wiring Harness), including

the lack or misapplication of overcurrent protection, inadequate conductor protection and strain relief, improper breaker sizing and location, and related violations of industry safety standards (the "Wiring Defects"). These defects create unreasonable risks of short-circuiting and fire, property loss, and threats to health and safety.

3. Forest River places a conspicuous RV Industry Association (RVIA) seal on its towable RVs, representing compliance with the National Fire Protection Association ("NFPA") standard, NFPA 1192, and the American National Standards Institute/RVIA ("ANSI/RVIA") ANSI/RVIA LV standards. Plaintiffs allege those representations were false or misleading when made, and that Forest River failed to implement adequate quality-control and post-sale remedial measures.

## PARTIES

4. Plaintiffs are adult residents of Lewiston, Montmorency County, Michigan. They owned a 2012 Forest River Cedar Creek fifth wheel trailer, VIN 4X4FCRE21CS206088, registered in Montmorency County.

5. Forest River, Inc. is an Indiana corporation with its principal place of business in Elkhart, Indiana. Forest River designs, manufactures, markets, and sells RVs nationwide, including in Michigan, through a network of authorized dealers.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to MCL 600.605.

7. Venue is proper in Montmorency County under MCL §§ 600.1621(a) and 600.1629(1)(a)-(b) because Plaintiffs reside in this county and a substantial part of the events or omissions giving rise to the claims occurred in Montmorency and neighboring Oscoda Counties.

## FACTUAL ALLEGATIONS

8. Plaintiffs purchased and used their 2012 Cedar Creek fifth wheel in Michigan. On December 9, 2023, while the RV was in use at 5421 Hollyglen Road, Greenwood Township, Oscoda County, Michigan, a fire broke out in the front portion of the RV, specifically in the area where the seven-way wiring is located. The fire consumed the RV and spread, causing further damage to additional property. A Michigan State Police Fire Investigation Unit report (FIU-0000398-23) documents the incident and classifies the cause as undetermined due to the severity of damage.

9. Plaintiffs allege the fire was consistent with and likely proximately caused by the Wiring Defects in Forest River towable RVs, including the lack or misapplication of overcurrent protection on charge lines and inadequate conductor protection and strain relief between the seven-way junction box and the RV battery compartment.

10. Forest River is a longtime RVIA member and places RVIA seals on its towable RVs certifying compliance with NFPA 1192 and ANSI/RVIA LV

standards. Plaintiffs allege Forest River failed to manufacture the subject RV in compliance with these standards and failed to implement adequate quality control, inspection, and training practices to ensure compliance across models and plants.

11. The NFPA and ANSI/RVIA LV standards exist, and have been designed, to prevent electrical failures by instructing RV manufacturers on how to properly wire low voltage electrical systems including the seven way wiring harness. When manufacturers ignore these standards consumers and the public are placed in jeopardy of critical electrical systems failing or electrical fires occurring due to short circuits. When an unprotected wire is not properly protected by overcurrent protection, if it shorts, it will heat to over 1,800 degrees fahrenheit and melt wiring and materials adjacent to it. This not only creates a fire hazard, it creates a safety hazard because the seven way wiring contains wiring that operates brakes on the trailer, turn signals, brake lights, and more.

12. These Wiring Defects occur across multiple models of Forest Rivers towable RVs. The broad classifications of these models being Travel Trailers, Fifth Wheels, and Camping Trailers. Submodels which fall into these broader classes include models like the representative's 2012 Cedar Creek.

13. The Seven Way Harness which contains the Wiring Defects is present in every model of Forest River's towable RVs..

14. In 2024, Forest River submitted a Part 573 Safety Recall report to the

National Highway Traffic Safety Administration (NHTSA) concerning overcurrent protection wiring in certain Cedar Creek and Puma models, acknowledging wiring noncompliance at multiple plants over a multi-year period. Plaintiffs further allege that Forest River's subsequent conduct and additional recalls demonstrate persistent quality-control failures and the likelihood that substantially similar Wiring Defects exist in the subject model and numerous additional towable models.

## CLASS ALLEGATIONS (MCR 3.501)

15. Plaintiffs seek to represent the following classes under MCR 3.501(A):

(a) **Michigan Class**: All Michigan residents who, within the applicable limitations periods, purchased or leased a Forest River towable RV for personal, family, or household use that contains the Wiring Defects described herein.

(b) **Nationwide Class (alternative and/or in addition to the Michigan Class)**: All persons in the United States who, within the applicable limitations periods, purchased or leased a Forest River towable RV for personal, family, or household use that contains the Wiring Defects described herein. For avoidance of doubt, Plaintiffs seek certification of the Nationwide Class for claims capable of uniform adjudication (including warranty claims governed by Indiana law via Forest River's uniform choice-of-law clause and claims under the Magnuson-Moss Warranty Act), and reserve the right to certify a Michigan subclass for Michigan-specific claims (e.g., MCPA and Michigan products liability).

16. Excluded from the Class are Defendant, its officers and directors, the Court and its personnel, governmental entities, and persons with personal-injury claims seeking non-economic damages only.

17. The Classes are so numerous that joinder is impracticable. Defendant sells thousands of towable RVs in Michigan and nationwide through numerous authorized dealers.

18. Common questions of law and fact predominate, including whether Forest River's towable RVs contain the Wiring Defects; whether Forest River's RVIA/NFPA/ANSI compliance representations were false or misleading; whether Forest River breached warranties; whether Forest River's conduct violates the Michigan Consumer Protection Act (as to the Michigan Class); whether Forest River's design, warnings, and quality-control measures were defective under Michigan products-liability law; and whether injunctive and monetary relief are appropriate on a class-wide basis.

19. Plaintiffs' claims are typical of the Class because their RV suffered losses consistent with the alleged Wiring Defects and they relied on Forest River's safety and compliance representations.

20. Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel.

21. A class action is superior to individual suits for the fair and efficient

adjudication of this controversy. Injunctive and declaratory relief are appropriate with respect to the Class as a whole.

**COUNT I NEGLIGENCE**
**(on behalf of the Michigan Class)**

22. Plaintiffs incorporate the preceding paragraphs.

23. Forest River owed Plaintiffs and the Class a duty to exercise reasonable care in the design, manufacture, testing, inspection, labeling, certification, and post-sale warnings/recalls for its towable RVs.

24. Forest River breached that duty by, among other things, failing to design and manufacture the RVs to comply with NFPA 1192 and ANSI/RVIA LV; failing to provide adequate overcurrent protection, conductor protection, strain relief, and breaker sizing/location; failing to implement adequate quality-control and training; and failing to warn or recall timely.

25. Forest River's negligence was a proximate cause of Plaintiffs' and Class members' damages, including loss of or damage to RVs and other property, out-of-pocket inspection/repair costs, loss of use, and diminution in value.

**COUNT II**

**MICHIGAN PRODUCTS LIABILITY**
**(DESIGN DEFECT, MANUFACTURING DEFECT, FAILURE TO WARN)**
**(MCL 600.2945 et seq.)**
**(on behalf of the Michigan Class)**

26. Plaintiffs incorporate the preceding paragraphs.

27. Forest River is a manufacturer and seller of the subject RVs. The RVs were distributed to Plaintiffs and Class members without substantial change.

28. The RVs were defective and unreasonably dangerous when they left Forest River's control due to: (a) defective design and inadequate specifications regarding overcurrent protection, conductor protection, strain relief, and breaker placement; (b) manufacturing nonconformities resulting from inadequate quality control; and (c) inadequate warnings/instructions regarding inspection, risks, and remedial measures.

29. Feasible alternative designs and safer manufacturing/inspection protocols were available and would have prevented or significantly reduced the risk of fire without impairing utility.

30. The defects were a proximate cause of Plaintiffs' and Class members' damages.

## COUNT III

## BREACH OF EXPRESS WARRANTY (MCL 440.2313) (Michigan Class); and alternatively, BREACH OF EXPRESS WARRANTY (Ind. Code § 26-1-2-313) (Nationwide Class)

31. Plaintiffs incorporate the preceding paragraphs.

32. Forest River expressly warranted, including via the RVIA seal and associated labels/representations, that its towable RVs complied with NFPA 1192

and ANSI/RVIA LV and were free from defects in materials and workmanship.

33. Those affirmations of fact became part of the basis of the bargain. Plaintiffs and Class members purchased their RVs in reasonable reliance on them.

34. The RVs did not conform to the express warranties, and Forest River failed to repair, replace, or refund within a reasonable time.

35. Plaintiffs and the Class suffered damages as a result.

36. Alternatively, to the extent any written warranty purports to select Indiana law, Plaintiffs plead this count under Ind. Code §§ 26-1-2-313, -714, and -715.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS (MCL 440.2314; 440.2315) (Michigan Class); and alternatively, BREACH OF IMPLIED WARRANTY ( Ind. Code §§ 26-1-2-314 and 26-1-2-315) (Nationwide Class)

37. Plaintiffs incorporate the preceding paragraphs.

38. Forest River is a merchant with respect to towable RVs. The RVs were not of merchantable quality and were not fit for ordinary purposes due to the Wiring Defects and safety risks.

39. Plaintiffs and the Class suffered damages as a result. Alternatively, to the extent any written warranty purports to select Indiana law, Plaintiffs plead this

count under Ind. Code §§ 26-1-2-314 and 26-1-2-315.

## COUNT V

## MICHIGAN CONSUMER PROTECTION ACT (MCL 445.901 et seq.) (Michigan Class)

40. Plaintiffs incorporate the preceding paragraphs.

41. Forest River engaged in unfair, unconscionable, or deceptive methods, acts, or practices in trade or commerce, including: misrepresenting that its RVs complied with NFPA/ANSI standards; omitting material facts about Wiring Defects; and failing to implement adequate quality-control and corrective measures while continuing to market RVs as compliant and safe.

42. The MCPA's regulatory exemption defense does not apply because no state or federal agency specifically authorizes the deceptive acts alleged herein; to the contrary, safety standards and regulations prohibit such conduct. Plaintiffs and the Class suffered ascertainable losses, including diminution in value, loss of use, and inspection/repair costs.

43. Plaintiffs seek actual damages, statutory damages (where authorized by law), attorneys' fees and costs, and injunctive relief under MCL 445.911.

## COUNT VI

## MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301 et seq.) (Michigan Class and Nationwide Class)

44. Plaintiffs incorporate the preceding paragraphs.

45. The RVs are consumer products; Plaintiffs and Class members are consumers; and Forest River is a warrantor under the Act.

46. Forest River breached written and implied warranties as alleged. Plaintiffs seek individual relief under Magnuson-Moss and, as permitted by law, class-wide relief consistent with Court rules and the Act.

**COUNT VII**
**FRAUDULENT CONCEALMENT**

47. Plaintiffs incorporate the preceding paragraphs.

48. Forest River knew, or recklessly disregarded, that its towable RVs contained Wiring Defects and that its compliance representations were false or misleading. Forest River concealed or suppressed material facts with the intent that consumers rely on the concealment.

49. Plaintiffs and Class members reasonably relied and suffered damages as a result.

**COUNT VIII**
**NEGLIGENT MISREPRESENTATION**

50. Plaintiffs incorporate the preceding paragraphs.

51. Forest River supplied false information (including compliance representations) in the course of its business upon which Plaintiffs and the Class justifiably relied, causing pecuniary loss.

**COUNT IX**
**UNJUST ENRICHMENT**

52. Plaintiffs incorporate the preceding paragraphs.

53. Plaintiffs and the Class conferred a monetary benefit on Forest River by purchasing defective RVs; it would be unjust for Forest River to retain that benefit without restitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Michigan Class and the Nationwide Class, as appropriate, respectfully request that the Court:

A. Certify the Michigan Class and, as appropriate, the Nationwide Class under MCR 3.501 and appoint Plaintiffs as class representatives and their counsel as class counsel;

B. Enter judgment in favor of Plaintiffs and the Class on all counts;

C. Award compensatory damages (including inspection, repair, replacement, loss-of-use, and diminution-in-value damages), statutory damages where permitted, and exemplary damages as permitted under Michigan law;

D. Order restitution and disgorgement;

E. Enter injunctive and declaratory relief under MCR 2.605 and MCR 3.310 requiring Defendant to: (i) notify owners of the Wiring Defects; (ii) implement a comprehensive inspection and repair program using compliant overcurrent protection, conductor protection, strain relief, and proper breaker placement and sizing; (iii) conduct independent third-party audits of manufacturing and

certification processes; and (iv) report annually to the appropriate safety authorities;

F. Award reasonable attorneys' fees, costs, and pre- and post-judgment interest; and

G. Grant any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 15th day of September, 2025.

Respectfully submitted,

s/Wolfgang Mueller__________
Wolfgang Mueller (P43728)
**MUELLER LAW FIRM**
41850 West Eleven Mile Road
Suite 101
Novi, MI 48375
248-489-6630 – Phone
wolf@wolfmuellerlaw.com

AND

Tab Turner
**TURNER & ASSOCIATES, P.A.**
4705 Somers Ave. Suite 100
North Little Rock, AR 72116
501-291-2277 – Phone
tab@tturner.com

**COUNSEL FOR PLAINTIFF**